**STATE OF HAWAII**, Plaintiff–Appellee, v. **WILLIAM BATSON**, aka Amos Cruse II, Defendant–Appellant

NO. 13762

(CR. NO. 88–0281)

MARCH 15, 1990

LUM, C.J., PADGETT, HAYASHI, AND
WAKATSUKI, JJ., AND RETIRED JUSTICE
NAKAMURA, ASSIGNED BY REASON
OF VACANCY

## OPINION OF THE COURT BY PADGETT, J.

This is an appeal by defendant–appellant William Batson, aka Amos Cruse II (appellant), from a First Circuit jury conviction for murder in the second degree (Hawaii Revised Statutes (HRS) §§ 707–701.5(1) and 706–656(2)).

Appellant contends that he was deprived of equal protection of the law under the Fourteenth Amendment to the Constitution of the United States and under Article I, Section 5 of the Constitution of the State of Hawaii when the prosecution, in the course of selection of the jury, exercised a peremptory challenge excusing from the jury the only black person on the panel. Appellant himself was black.

The issue was promptly raised by the defense when the prosecutor indicated an intention to exercise the challenge, and the defense requested that a reason be given. The court below refused to order that a reason be given and the prosecutor, while denying that the challenge was racially motivated, refused, expressly, to give such a reason.

The excused juror had been examined at some length with regard to his fairness and to his understanding of a juror's duties. His answers indicated no lack of understanding nor any prejudice, and the State did not attempt to challenge him for cause. Moreover, the State waited until another juror had been seated and examined before it exercised its peremptory challenge against the juror in question.

In determining whether an inference that the challenge was racially motivated has been raised, we consider (1) the answers given by the challenged juror to the questions put to him, (2) the delay in exercising the challenge, (3) the colloquy between court and counsel when the challenge was exercised, (4) the refusal of the prosecutor despite the citation to the court of the United States Supreme Court's opinion in *Batson v. Kentucky*, 476 U.S. 79, 106

S. Ct. 1712, 90 L. Ed. 2d 69 (1986), to give a reason for the exercise of the peremptory challenge, and (5) the fact that the appellant was a black man and the challenged juror was the only black on the panel. In our view, an inference that the challenge was racially motivated was raised.

The prosecutor was given the opportunity on the record at the time to state reasons for exercising the challenge which would rebut the presumption. He expressly refused to do so. The conviction therefore cannot stand and must be reversed since, on the record, appellant was denied the equal protection of the law which Article I, Section 5 of the Hawaii State Constitution guarantees to him.

In the seminal case in this field, *Batson v. Kentucky, supra*, the Supreme Court of the United States remanded the matter for further hearing so that the prosecutor would have an opportunity to come forward with a neutral explanation of his action. Such a course was understandable, given the fact that the Supreme Court of the United States was breaking new constitutional ground, and the prosecutor could not know at the time of the trial what the decision would be. *Batson*, however, was decided in 1986. It was cited to the prosecutor and the court in this case. There was no surprise. The prosecutor knew, that under *Batson, supra*, he had an obligation to set forth a non–ethnic reason for the challenge if he had such, and deliberately chose to offer no explanation. His rejection of the chance to explain necessitates a new trial, rather than a remand for a hearing on whether, or not, he can now come forward with some neutral explanation of the challenge.

The rule of law, which we adopt for future cases, is that whenever the prosecution so exercises its peremptory challenges as to exclude entirely from the jury all persons who are of the same ethnical minority as the defendant, and that exclusion is challenged by the defense, there will be an inference that the exclusion was racially motivated, and the prosecutor must, to the satisfaction of

the court, explain his or her challenges on a non–ethnical basis. Reversed and remanded for a new trial.

*Richard W. Pollack*, Public Defender (*Michael P. Healy*, Deputy Public Defender, with him on the briefs) for appellant.

*Charlotte J. Duarte*, Deputy Prosecuting Attorney, for appellee.