**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000653
26-SEP-2025
08:02 AM
Dkt. 82 SO**

NO. CAAP-24-0000653

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
KAWIKA KANAKANUI, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-22-0000674)


<u>**SUMMARY DISPOSITION ORDER**</u>
(By: Nakasone, Chief Judge, Hiraoka and Guidry, JJ.)

Kawika **Kanakanui** allegedly shot and killed Bryson **Okada** on May 18, 2022, inside a Kapiʻolani Boulevard game room. A jury found him guilty of murder, among other offenses. He appeals from the ***Judgment of Conviction and Sentence*** entered by the Circuit Court of the First Circuit on August 23, 2024.[1] We vacate and remand for a new trial because Kanakanui was deprived of his constitutional right to effective assistance of counsel.

A grand jury indicted Kanakanui for Murder in the Second Degree; Ownership or Possession Prohibited of Any Firearm or Ammunition by a Person Convicted of Certain Crimes; Place to Keep Pistol or Revolver; and Carrying or Use of Firearm in the Commission of a Separate Felony. A co-defendant, Ikaika **Atuatasi**, was charged with Place to Keep Pistol or Revolver.

---

[1] The Honorable Paul B.K. Wong presided.

Both pleaded not guilty. Atuatasi later pleaded no contest to Place to Keep Pistol or Revolver. Kanakanui went to trial.

The Circuit Court entered a pretrial order. It stated: "Without the proper filing of notice, 'prior bad act' and HRE [(Hawaii Rules of Evidence)] 404 evidence [of character or other crimes, wrongs, or acts] is inadmissible."

The State filed a notice of intent to use evidence of four bad acts by Kanakanui: (1) a conviction for Robbery in the Second Degree "where he punched a female victim multiple times and kicked her while she was on the ground, when she resisted giving up her purse to [him]"; (2) a conviction for Assault in the Third Degree "[w]here he punched a security guard multiple times after being involved in an argument with him"; (3) "conduct where he threw down and punched his girlfriend on December 30, 2017, causing an injury to her lip"; and (4) "conduct where he asked a stranger for a cigarette and when was refused, [Kanakanui] punched him in the head causing a cut to the left ear[.]"

During the hearing on pretrial motions, the State said it didn't anticipate introducing the prior bad act evidence during its case in chief. It filed the notice in case Kanakanui claimed self-defense and it needed the evidence to rebut who was the first aggressor.

Defense counsel pointed out that one prior felony conviction was an element of prohibited possession of a firearm, but "it gets into prejudicial waters once we start bringing in four or five different, you know, crimes that he may have committed and some of the things that, you know, go along with the factual bases of what he was convicted of[.]" Counsel stated "we can talk about a stipulation for that."

The trial court ruled:

> The convictions are allowed in for rebuttal purposes only. If the defendant opens the door or testifies to any peacefulness or law-abiding conduct or propensities, then

and only then can the State bring in the convictions for Robbery in the Second Degree and Assault in the Third Degree.

Absent testimony that he is a peaceful or law-abiding citizen, the prejudice of these convictions are substantial and would outweigh any probativeness for what we have at trial in this case.

With respect to the arrests, the probative value of the arrests are much lower than those of convictions. And in light of the lower probative value, the Court rules that the prejudicial value substantially outweighs any probative value for the arrests. So under no circumstances are the arrests admissible at trial at any time.

And again, this is subject to the assumption that a stipulation of a felony conviction will be entered for Count 2.

The State and Kanakanui later submitted, and the trial court approved, a written stipulation "that Kawika Kanakanui has been convicted of committing a felony offense when in the State of Hawaii when he was eighteen year [sic] or older."

Kanakanui filed several pretrial motions.

He sought to exclude his mugshot and other photos showing him in police custody. It was granted.

He sought to exclude evidence of his criminal record. It was granted in part consistent with the court's ruling on the State's notice of intent to use.

He sought to exclude evidence that police officers — including those from the County of Hawai'i — knew or were familiar with him from other contacts or investigations. It was granted.

Kanakanui testified in his own defense. He was at the game room the night of May 18, 2022. He was gambling. He got into a fistfight with someone named Kaleo outside the game room. Okada was yelling instructions to Kaleo. Kanakanui lost the fight. A gash on his eye was bleeding profusely.

As Kanakanui sat on the ground cleaning his eye, Okada came up, pulled a gun from his fanny pack, and said "get the fuck out of here, you pussy." Kanakanui "ended up retreating."

Atuatasi showed up later that night. He asked Kanakanui about the fight. Kanakanui said he lost, and "I did get a gun pointed at me." Kanakanui testified Atuatasi gave him a gun "for my -- my safety and my protection."

Kanakanui went back into the game room "because that was the only game room that was open around the area, and I'm going back in to gamble 'cause that's what I like doing." He wasn't looking to pick a fight with anyone. The game room security guard said, "don't make trouble, yeah."

Kanakanui answered, "Oh, yeah."

Kanakanui had the gun in his waistband. He was going to the gaming area when he saw Okada. Okada looked at him and "starts to reach for his -- his waistband again[.]" Kanakanui testified, "I ended up lunging towards him, and I tried to stop him from reaching for the gun, really really." Then,

> I ended up reaching inside my waistband and pulling out the gun, and he started going for the gun that I was pulling -- that I was pulling out.
>
> And then he actually grabbed the gun, and I tried to rip my -- rip the gun away from him, and then he put his arm around my right arm.
>
> Q.   And when you say he grabbed the gun, he grabbed your gun?
>
> A.   Yes, he grabbed my gun and the slide came back, and that's why there was an unspent bullet on the ground.
>
> Q.   Okay. Now, after the interaction with [Okada] is over, okay, what happened, what do you do?
>
> A.   After that interaction, you mean the scuffle?
>
> Q.   Yes.
>
> A.   I ended up trying to find a way out of there.

A jury found Kanakanui guilty as charged. He was sentenced to concurrent terms of life with the possibility of parole for murder, ten years for being a felon in possession of a

firearm or ammunition,[2] and 20 years for using a firearm in the commission of a separate felony. This appeal followed.

Kanakanui states four points of error: (1) he was deprived of his constitutional right to effective assistance of counsel; (2) his waiver of the right to confront witnesses was invalid; (3) the State committed a Batson[3] violation; and (4) there was prosecutorial misconduct. His first point is dispositive.

A defendant in a criminal proceeding has the right to the effective assistance of counsel under article I, section 14 of the Hawaiʻi Constitution and the Sixth Amendment to the United States Constitution. State v. Salavea, 147 Hawaiʻi 564, 576, 465 P.3d 1011, 1023 (2020). Kanakanui's claim of ineffective assistance was first made in this appeal, but we may consider it "if the record is sufficiently developed to determine whether there has been ineffective assistance of counsel." Id. at 575, 465 P.3d at 1022 (cleaned up).

Kanakanui served his opening brief on the attorney alleged to have been ineffective, consistent with Hawaiʻi Rules of Appellate Procedure Rule 28(a). We invited the attorney to respond, citing Rule 1.6(b)(4) of the Hawaiʻi Rules of Professional Conduct.[4] No response was filed.

---

[2] The place-to-keep and felon-in-possession counts merged.

[3] In State v. Batson, 71 Haw. 300, 788 P.2d 841 (1990), the supreme court held:

> whenever the prosecution so exercises its peremptory challenges as to exclude entirely from the jury all persons who are of the same ethnical minority as the defendant, and that exclusion is challenged by the defense, there will be an inference that the exclusion was racially motivated, and the prosecutor must, to the satisfaction of the court, explain his or her challenges on a non-ethnical basis.

Id. at 302, 788 P.2d at 842.

[4] Hawaiʻi Rules of Professional Conduct Rule 1.6(b)(4) provides that a lawyer "may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary . . . to respond to allegations in any proceeding concerning the lawyer's representation of the
(continued...)

We must decide "whether, when viewed as a whole, the assistance provided is within the range of competence demanded of attorneys in criminal cases." Salavea, 147 Hawaiʻi at 576, 465 P.3d at 1023 (cleaned up). Kanakanui has the burden to "show that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence." Id. He argues his trial attorney's failure to object to the jury hearing portions of his recorded interview with police detectives was ineffective.

Two Honolulu Police Department detectives interviewed Kanakanui. State's exhibit 253 was a recording of the interview. Exhibit 254 was a transcript of the recording. The State offered both exhibits into evidence. Kanakanui's objection to lack of foundation was sustained.

The State laid additional foundation and reoffered the recording. Kanakanui renewed his objection to foundation. The trial court overruled the objection and received exhibit 253 in evidence.

The State laid additional foundation and reoffered the transcript. Kanakanui objected to hearsay. The trial court overruled the objection, but said it would not allow both the recording and the transcript into evidence. The State chose the recording. The court allowed the jury to read the transcript while the recording was played in court, "but it will not go into the deliberation room."

The jury heard Kanakanui telling the detectives he got his high school diploma at "Olomana" — the name commonly used for the state facility where juvenile offenders are incarcerated.[5] When asked how he knew Kaleo, he said "I knew him from inside, doing time." He said he's been arrested "two and three" times, and "Fuck, I've been in prison almost half my life."

_____

[4](...continued)
client[.]"

[5]    We take judicial notice under Rule 201 of the Hawaii Rules of Evidence that *Olomana* is a name commonly used for the Hawaiʻi Youth Correctional Facility, located in Windward Oʻahu near Mount Olomana.

Seeing his prison tattoos, the detective asked, "You uso fam?" *USO Family* is the name of a prison gang.[6]

Kanakanui replied, "Yeah."

The trial court had granted Kanakanui's motion in limine to exclude evidence of his prior convictions and arrests. It ruled that the prejudice of the convictions outweighed any probative value "for what we have at trial in this case." The court also ruled that prejudice "substantially outweighs any probative value for the arrests. So under no circumstances are the arrests admissible at trial at any time." Yet, defense counsel did not move to redact references to Kanakanui's prior arrests, convictions, and membership in a prison gang from the recording and transcript under HRE Rules 402, 403, and 404.

Specific acts or omissions having an obvious tactical basis for benefitting the defense will not be second guessed. Salavea, 147 Hawaiʻi at 576, 465 P.3d at 1023. We can think of no obvious basis that evidence about Kanakanui's prior arrests, convictions, and membership in a prison gang could have to benefit Kanakanui's case. Its introduction was inconsistent with the trial court's ruling that "under no circumstances" would evidence of Kanakanui's prior arrests be admissible at trial because its prejudice outweighed its probative value. See id. Defense counsel's omission reflects counsel's "lack of skill, judgment, or diligence." Id.

Kanakanui must also show that counsel's errors or omissions resulted in "possible impairment of a potentially meritorious defense." State v. Yuen, 154 Hawaiʻi 434, 438, 555 P.3d 121, 125 (2024). He need not show probable impairment, or prove that he suffered actual prejudice. Id.; Salavea, 147 Hawaiʻi at 576, 465 P.3d at 1023.

---

[6] The State points out that *uso* means *brother* in the Samoan language. But see State v. Abihai, 146 Hawaiʻi 398, 402 n.5, 463 P.3d 1055, 1059 n.5 (2020) ("The USO Family Gang was a prison gang . . . in state correctional facilities.")

Kanakanui's defense was self-protection.  The State called no witness who saw what happened during the encounter in the game room before Okada was shot.  The success of the defense hinged on Kanakanui's credibility.  It is possible that Kanakanui's past arrests, being in prison for almost half his life (including as a juvenile), and being a member of a prison gang decreased his credibility in the eyes of the jury.  Under these circumstances, we conclude that defense counsel's lack of skill, judgment, or diligence possibly impaired a potentially meritorious defense.

We need not address the other specific errors and omissions raised by Kanakanui, or his other points of error.  Because Kanakanui was deprived of his constitutional right to effective assistance of counsel, we vacate the August 23, 2024 *Judgment of Conviction and Sentence* and remand for a new trial.

DATED: Honolulu, Hawaiʻi, September 26, 2025.

On the briefs:

Audrey Stanley,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge